**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ROBYN HAUSER-MERKLIN, *individually and on behalf of a class of similarly situated individuals*,<br>Plaintiff,<br><br>v.<br><br>VALLEY HEALTH SYSTEM, INC.,<br>Defendants. | No. 26-cv-4879<br><br>**OPINION** |

**WILLIAM J. MARTINI, U.S.D.J:**

Before the Court is Defendant Valley Health System, Inc.'s ("Defendant" or "Valley Health") Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (the "Motion"). ECF No. 9. The Court decides the Motion on the papers and without oral argument. Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b). For the reasons set forth herein, the Motion is **GRANTED.**

## I. BACKGROUND

The following facts are taken from the Complaint and are accepted as true only for the purposes of resolving the instant Motion.

Plaintiff Robyn Hauser-Merklin began her employment as a medical assistant with Defendant at some point in 2021. Compl. ¶ 16, ECF No. 1. Plaintiff worked at several of Defendant's healthcare locations throughout her term of employment, which ended in October 2025. *Id.* During her employment with Defendant, Plaintiff "generally worked at least forty (40) hours per week." *Id.* Plaintiff was an hourly employee, and as such was "required to clock in and out" of her shifts to record her hours worked. *Id.* ¶ 20.

Plaintiff alleges that Defendant implemented a policy that asked employees to clock in no more than seven minutes before the start of their shift, and clock out no more than seven minutes after the end of their shift. *Id.* ¶ 22. The policy was allegedly implemented to ensure that any time worked prior to the beginning of a shift was rounded up to the shift start time, and any time worked after the end of the shift was rounded down to the shift end time. Plaintiff alleges that, in addition to the rounding policy, Defendant told employees that they would be penalized if they "clock in one minute late or clock out one minute early," regardless of whether they clocked in early or clocked out late. *Id.* ¶ 23. Plaintiff alleges that during her employment she "regularly clocked in several minutes prior to the beginning of her shift" and "regularly worked after the end" of her shift but was not paid for the extra time. *Id.* ¶¶ 24–25.

Plaintiff filed a collective and class action lawsuit on behalf of herself and other current and former Valley Health employees bringing claims for failure to pay overtime wages under the Fair Labor Standards Act ("FLSA") and the New Jersey Wage and Hour Law ("NJWHL"), and

claims for failure to pay all wages and failure to provide pay deductions under the New Jersey Wage Theft Act ("NJWTA"). Valley Health filed this Motion, which Plaintiff opposes.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint if it fails to state a claim upon which relief can be granted. When reviewing a motion to dismiss under Rule 12(b)(6), courts must "accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable" to the non-moving party. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). The burden to show that no claim has been stated falls on the moving party. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v.* Iqbal, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## III. DISCUSSION

Defendant argues that Plaintiff's Complaint should be dismissed because it fails to satisfy the pleading standard for overtime claims under the FLSA as articulated by the Third Circuit in *Davis v. Abington Memorial Hospital*, 765 F.3d 236 (3d Cir. 2014). The Court agrees.

The FLSA requires employers to pay employees one and one-half times their regular hourly wage for overtime hours, which are those exceeding forty hours in a workweek. 29 U.S.C. § 207(a)(1). In *Davis*, the Third Circuit addressed the level of detail required for a complaint to plausibly allege an overtime claim under the FLSA. In adopting a "middle-ground approach," the Third Circuit held that a plaintiff is not required to "identify the exact dates and times that [they] worked overtime," but is required to allege facts that they worked more than forty hours in at least one week. *Davis*, 765 F.3d at 242–43. The Third Circuit offered a specific example of factual allegations that would satisfy this standard, noting that "a plaintiff's claim that she 'typically' worked forty hours per week, worked extra hours during such a forty-hour week, and was not compensated for extra hours beyond forty hours . . . during one or more of *those* forty hour weeks, would suffice." *Id.* at 243 (emphasis in original).

In applying that standard, the Third Circuit held that although the complaint alleged plaintiffs "typically worked at least forty hours per week," there were no facts to indicate that plaintiffs worked extra hours during a typical forty-hour week. *Id.* The absence of a link between the plaintiff's typical week and the weeks in which extra hours were worked was fatal. It is the existence (or lack thereof) of such a link that the analysis turns on.[1]

---

[1] Plaintiff cites to several cases in this district applying the *Davis* standard in what she advances are analogous factual circumstances. However, the cases cited by Plaintiff instead highlight the deficiency in her pleading. The cases cited contain some allegation showing a link between the plaintiff's standard work week and extra hours worked. *See Bowman v. Securitas Sec. Servs. USA, Inc.*, No. 23-22507, 2026 WL 657277, at *3 (D.N.J. Mar. 9, 2026) ("Plaintiff [] alleges that . . . when she would typically work eight-hour shifts five days a week . . . 'each week' she worked ten to fifteen minutes of uncompensated overtime."); *Young v. Wipro Ltd.*, No. 25-14949, 2026 WL 1983793, at *4 (D.N.J. July 9, 2026) ("Plaintiff alleges that his 'standard schedule was to work 40 hours per week' and that, before 'every shift,' has [sic] was required to perform approximately fifteen to twenty minutes of uncompensated pre-shift work."); *Ward v. Cottman Transmission Sys., LLC*, No. 18-2155, 2019 WL 643605, at *7

Here, Plaintiff's allegations, accepted as true, lack a connection between her typical work week and any extra time worked beyond forty hours. Plaintiff alleges that she "generally worked at least forty (40) hours per week." Compl. ¶ 16. Plaintiff further alleges that she "regularly clocked in several minutes prior to the beginning of her shift," and "regularly worked after the end of [her] shift times." *Id.* ¶ 24, 25. But Plaintiff does not allege that the forty hours is exclusive of the additional work, or that her pre- and post-shift work was in addition to her typical forty hours or occurred during at least one of her forty-hour weeks.

While Plaintiff does allege that she "often stopped working four (4), five (5), or six (6) minutes after the end of her shift," she does not allege that these additional minutes caused her to exceed forty hours in a week. *See id.* ¶ 26. Because there is no specific allegation of a link between the pre- and post-shift work and her typical forty-hour work week, Plaintiff has failed to meet the standard outlined in *Davis* that she worked extra hours during a typical week and exceeded forty hours without compensation.

Given the dismissal of Plaintiff's FLSA claim (Count I), the Court has "dismissed all claims over which it has original jurisdiction" and may decline to exercise supplemental jurisdiction over remaining state law claims. 28 U.S.C. § 1367(c)(3). The Court declines to exercise supplemental jurisdiction and dismisses without prejudice Plaintiff's claims under the NJWHL and NJWTA (Counts II–IV).

Accordingly, the Complaint is **DISMISSED** without prejudice.

## IV. CONCLUSION

For the foregoing reasons, the Motion is **GRANTED**. An appropriate order follows.

Date: October 15, 2026

**WILLIAM J. MARTINI, U.S.D.J.**

(D.N.J. Feb. 14, 2019) ("Plaintiff has stated that he typically worked forty hours a week, typically worked sixteen *additional hours* above those forty hours, and was not compensated for his overtime.") (emphasis added).