**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| Robyn Hauser-Merklin, *individually and on behalf of a class of similarly situated individuals,*<br><br>Plaintiff,<br><br>vs.<br><br>Valley Health System, Inc.,<br><br>Defendant. | **FIRST AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED<br><br>No. 2:26-cv-04879-WJM-JRA |

Plaintiff Robyn Hauser-Merklin, individually on behalf of herself and all others similarly situated, by and through counsel, upon personal knowledge as to herself, and upon information and belief as to other matters, alleges as follows:

## INTRODUCTION

1. This action seeks to recover unpaid compensation and overtime compensation, as well as liquidated damages, penalties, interest, reasonable attorneys' fees, costs, declaratory and injunctive relief, and any other appropriate relief, under the Fair Labor Standards Act ("FLSA"), on behalf of Plaintiff and similarly situated current and former employees of Valley Health System, Inc. (hereinafter also referred to as "Valley Health" or "Defendant"), and who elect to opt into this action pursuant to 29 U.S.C. § 216(b) (the "FLSA Collective," as hereinafter more fully defined).

2. This action also seeks to recover unpaid straight-time and overtime compensation, liquidated damages, interest, reasonable attorneys' fees, costs, and any other appropriate relief under the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a1, *et seq.* ("NJWHL"), and its implementing regulations, N.J.A.C. 12:56-1.1, *et seq.*, and the New Jersey Wage Payment Law, N.J.S.A. 34:11-4.1, *et seq.* ("NJWPL"), as amended by the New Jersey Wage Theft Act of 2019

(collectively, "New Jersey Labor Law"), on behalf of Plaintiff and similarly situated current and former employees of Defendant (the "State Law Class," as hereinafter more fully defined).

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

4. This Court has supplemental jurisdiction over Plaintiff's New Jersey Labor Law claims because those claims arise out of the exact same nucleus of facts and are so related to the FLSA claims as to form part of the same case or controversy. 28 U.S.C. § 1367.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because Defendant has its principal place of business and resides in this district, and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

**PARTIES**

6. Plaintiff Robyn Hauser-Merklin is an individual and a resident of Buena, New Jersey. Plaintiff Hauser-Merklin has previously completed and filed a "Consent to Join Lawsuit" (ECF Document 1-1), which is fully incorporated by reference herein as if originally filed.

7. Defendant Valley Health System, Inc., is a New Jersey not-for-profit corporation with its headquarters and principal place of business at 223 N. Van Dien Ave, Ridgewood, New Jersey, 07450.

**FACTUAL ALLEGATIONS**

**Defendant's Business and Defendant's Status as an Employer**

8. Defendant Valley Health holds itself out as "exceptional, world-class healthcare in a regional healthcare setting" and provides a comprehensive range of healthcare services for patients across northeastern New Jersey.[1]

9. Defendant Valley Health is an "employer" of Plaintiff and other members of the FLSA Collective within the meaning of the FLSA.

10. At all times relevant, Defendant also was an employer covered by New Jersey Labor Law.

11. Defendant Valley Health utilizes non-exempt employees, including Plaintiff and other members of the FLSA Collective and State Law Class, in furtherance of its business purpose.

12. At all times relevant, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

13. At all times relevant, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

14. Defendant operates and controls an enterprise engaged in commerce, with annual gross volume of business exceeding $500,000.00.

15. Defendant was an employer of Plaintiff and other members of the FLSA Collective and State Law Class as Defendant exercised the power to hire or fire employees; supervised and controlled the employees' work or conditions of employment; determined employees' rates and methods of payment; and maintained or was required to maintain records, including employment records.

**Plaintiff's, the FLSA Collective's, and State Law Class's**
**Non-Exempt Employment Statuses with Defendant**

[1] https://www.valleyhealth.com/about-us (last accessed Nov. 5, 2026).

16. Plaintiff Hauser-Merklin was employed by Defendant from approximately 2021 through October 2025 at several of its healthcare locations as a medical assistant in the obstetrics/gynecology specialty. Plaintiff Hauser-Merklin was hired to work for Defendant as an hourly, nonexempt employee, and consistently worked at least forty (40) hours per week at various Valley Health locations during all relevant periods, at an hourly rate of approximately $30 per hour.

17. Specifically, during her tenure at Valley Health, Plaintiff was usually scheduled for eight-hour shifts five days a week. Her shifts were either 11:00 a.m. to 7:00 p.m. (referred to as "late days"), 7:00 a.m. to 3:00 p.m. ("early days"), or 9:00 a.m. to 5:00 p.m. ("normal days"). Whether Plaintiff worked late days, early days, or normal days varied substantially, but she was scheduled for and most usually worked at least an eight-hour shift five days a week, totaling a baseline of forty (40) scheduled shift hours per workweek, exclusive of any pre-shift and post-shift work. Inasmuch as Plaintiff's usual schedule totaled forty (40) hours of compensated work, additional minutes of pre-shift and post-shift work that she performed, and that Defendant rounded away during such workweeks, constituted overtime work. In addition, during the latter portion of her employment, Valley Health also required Plaintiff to work at least one five-hour Saturday shift per month from 8:00 a.m. to 1:00 p.m., which further increased her time worked and overtime which was, as set forth herein, rounded away.

18. Likewise, other members of the FLSA Collective and State Law Class were often scheduled for and worked full-time schedules of at least forty (40) hours per workweek, exclusive of their rounded pre-shift and post-shift work, such that the additional pre-shift and post-shift minutes they performed and that Defendant rounded away during those workweeks caused them to exceed forty (40) hours and deprived them of overtime compensation.

19. Further, while Plaintiff was employed with Valley Health, she consistently clocked in and began working prior to her scheduled start times and also consistently had to stay late to finish her duties and clock out late. Likewise, due to the demands of their healthcare roles and Defendant's uniform attendance and timekeeping policies, she and other members of the FLSA Collective and State Law Class consistently clocked in and began working prior to their scheduled shift start times and continued working past their scheduled shift end times before clocking out, and which due to Defendant's rounding policies, as set forth herein, not only caused them to not be paid for all the straight time work that they did in those weeks in which they worked less than forty (40) hours per workweek, but also not to be paid for all the overtime work that they did in those weeks in which they worked in excess of forty (40) hours per workweek.

20. Defendant classified and paid Plaintiff, as well as other members of the FLSA Collective and State Law Class, as nonexempt employees.

21. At all times relevant, Plaintiff and other members of the FLSA Collective and State Law Class were employees within the meaning of 29 U.S.C. § 203(e) and New Jersey Labor Law.

22. At all times relevant, Plaintiff and other members of the FLSA Collective and State Law Class were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 207.

**Defendant's Failure to Pay for All Hours Worked as a Result of Defendant's Time Rounding Policy**

23. During her time as an hourly employee, Plaintiff Hauser-Merklin and other members of the FLSA Collective and State Law Class were, and are, required to clock in and out at the beginning and end of their shifts at Defendant's locations to record their hours worked.

24. Specifically, Plaintiff Hauser-Merklin routinely arrived early before the scheduled start of her shift. While, when she started in 2021, Valley Health permitted hourly employees to

clock in up to thirty (30) minutes before their scheduled shift time, within a year or two into her employment, Valley Health's rules changed, and hourly employees were only permitted to clock in seven (7) minutes prior to their scheduled shift start. Clocking in any earlier was prohibited.

25. Plaintiff routinely clocked in up to seven (7) minutes prior to the scheduled start of her shift – the earliest time Valley Health permitted hourly employees to clock in during the relevant time period – and immediately began performing the principal activities of her job. During this pre-shift window between clocking in and her scheduled shift start time, Plaintiff was actively engaged in integral and indispensable job duties required by Defendant and performed for Defendant's benefit, including, but not limited to, stepping in to relieve colleagues from previous shifts, stocking and preparing patient examination rooms, reviewing and logging test results, sending test results to physicians, answering patient messages, fielding phone calls from patients, and washing medical tools. However, Defendant's timekeeping system automatically rounded her clock-in time forward to her scheduled shift start time, erasing those compensable pre-shift minutes and depriving Plaintiff of straight-time compensation in workweeks in which she worked forty (40) hours or less and overtime compensation in workweeks in which she worked in excess of forty (40) hours.

26. Similarly, due to the demands of patient care and her daily workload, Plaintiff routinely needed to stay and continue working past her scheduled shift end time in order to finish her principal job duties before clocking out. Rather than compensating Plaintiff for all time worked up until she clocked out, Defendant's timekeeping system automatically rounded her clock-out time back down to her scheduled shift end time, resulting in a failure to pay for this additional compensable post-shift work, whether on a straight time or overtime basis (for those weeks in which she worked in excess of forty (40) hours).

27. Accordingly, including the compensable time that accumulated from Plaintiff's early clock-ins and late clock-outs each and every workday, work time which Defendant systematically rounded away, Plaintiff Hauser-Merklin routinely worked over forty (40) hours in workweeks in which she was employed by Valley Health.

28. Plaintiff's experience was not unique; rather, other members of the FLSA Collective and State Law Class were subjected to the same uniform timekeeping and rounding policies. Like Plaintiff, other members of the FLSA Collective and State Law Class routinely clocked in up to seven (7) minutes prior to their scheduled shift start times and immediately began performing the principal, integral, and indispensable duties of their roles and routinely continued performing their principal job duties past their scheduled shift end times before clocking out. However, Defendant's centralized timekeeping system automatically rounded their pre-shift clock-ins forward to their scheduled shift start times and rounded their post-shift clock-outs back down to their scheduled shift end times. Consequently, including the compensable pre-shift and post-shift time that Defendant systematically rounded away each workday, members of the FLSA Collective and State Law Class routinely worked in excess of forty (40) hours per workweek without receiving required overtime compensation at one and one-half times their regular rates of pay (and State Law Class members were likewise deprived of straight-time compensation during any workweeks totaling forty (40) hours or less).

29. Accordingly, Defendant Valley Health implemented a timekeeping and rounding policy in which employees are expected to clock in and start performing their job duties up to seven (7) minutes before their shift start times, but their recorded clock-in times were automatically rounded forward to their scheduled shift times for payroll purposes. For example, when Plaintiff clocked in at 8:53 a.m. for a shift scheduled to begin at 9:00 a.m. and began performing the duties

of her job, Defendant nonetheless rounded her clock-in time forward to 9:00 a.m., thereby eliminating seven (7) minutes of compensable work from her paid time. Similarly, when Plaintiff and other employees continued performing compensable work after their scheduled shift ending times and clocked out within seven (7) minutes thereafter, Defendant rounded their clock-out times backward to their scheduled shift ending times, eliminating those additional minutes of compensable work from their paid time. As a result, Defendant failed to compensate Plaintiff and other members of the FLSA Collective and State Law Class for work actually performed before and after their scheduled shifts, including both straight-time and overtime work.

30. Defendant's rounding policy did not operate neutrally in practice. Rather, Defendant maintained and enforced attendance and timekeeping rules that systematically prevented Plaintiff and other members of the FLSA Collective and State Law Class from receiving the benefit of rounding in their favor. Specifically, employees were instructed not to clock in more than seven (7) minutes before their scheduled shift start times or clock out more than seven (7) minutes after their scheduled shift ending times. At the same time, employees were expected to be on the floor and ready to work at their scheduled starting times and to complete their assigned duties before leaving work, even when doing so required them to perform compensable work during the periods that Defendant subsequently rounded away. Thus, Defendant's timekeeping and attendance rules operated together to ensure that employees routinely performed compensable work during periods for which they were not paid, while limiting their ability to benefit from the rounding system.

31. Moreover, Plaintiff and other members of the FLSA Collective and State Law Class were informed that they would be subject to attendance penalties or discipline if they clocked in even one minute after their scheduled shift start times or clocked out even one minute before their

scheduled shift ending times, notwithstanding that Defendant's rounding system would otherwise have treated those minutes as falling within the scheduled shift. In contrast, Defendant routinely rounded away compensable minutes when employees clocked in before their scheduled start times or clocked out after their scheduled ending times. By combining these attendance and disciplinary policies with its rounding practices, Defendant systematically deprived employees of the benefit of rounding in their favor while retaining the benefit of rounding that reduced compensable working time. Consequently, Defendant's rounding practices were not neutral, either in their design or in their operation over time, but instead systematically favored Defendant and resulted in the failure to compensate Plaintiff and other members of the FLSA Collective and State Law Class for all hours actually worked, in violation of the FLSA, 29 C.F.R. § 785.48(b), and applicable New Jersey Labor Law.

32. Similarly, Plaintiff Hauser-Merklin and other members of the FLSA Collective and State Law Class regularly worked after the end of their shift times but were (and are) only paid up until their shift ending times. These employees are not paid for all time worked up until they stopped working as Defendant instead paid them based on the post-edited, rounded, modified, and inaccurate and/or incomplete records which do not include post-shift compensable work required by, performed for, and to the benefit of Defendant Valley Health as tracked in Defendant's timekeeping system.

33. Although Defendant suffered and permitted Plaintiff and the members of the FLSA Collective and State Law Class to work more than forty (40) hours per workweek, Defendant failed to pay Plaintiff and the members of the FLSA Collective and State Law Class overtime at a rate of one and one-half times the regular rate of pay for all hours worked over forty (40) in a workweek. *See* 29 C.F.R. §§ 785.11, 785.13. Though Plaintiff and the members of the FLSA

Collective and State Law Class regularly complete tasks that are required by Defendant, are performed for Defendant's benefit, and constitute part of their principal activities and/or are integral and indispensable to their principal activities before their shift starting times (and after shift ending times), these workers are not paid for the time spent performing these tasks because Defendant unilaterally deducted this time worked, and Defendant accepted the benefits of this work without compensating them for this work, regardless of the fact that compensable work was completed. *See* 29 C.F.R. §§ 785.11, 785.13. As a result, Plaintiff and the members of the FLSA Collective and State Law Class were not properly paid for many of their hours worked as required by the FLSA and New Jersey Labor Law.

34. Although there was no administrative difficulty in compensating them for such work, both as to beginning and end of shifts, Defendant did not count the time it takes Plaintiff Hauser-Merklin, the FLSA Collective, and State Law Class to complete the job duties described above as hours worked for purposes of computing overtime or non-overtime hours worked.

35. Defendant's time rounding and/or editing policy, and time manipulation practices in conformity with this policy, are not neutral, facially or otherwise. Defendant rounded, edited, and/or otherwise manipulated Named Plaintiff's, the FLSA Collective's, and State Law Class's work starting and ending times despite utilizing a timekeeping system that tracks exactly when they "punched" or clocked in/out and started/ended working each day. During overtime weeks, and despite knowing of their performance of work during workweeks when Plaintiff Hauser-Merklin and the FLSA Collective worked more than forty (40) hours, Defendant did not pay them for such overtime which was required to be paid at "one and one-half times" their "regular rate[s]" of pay. *See* 29 U.S.C. § 207. Likewise, during non-overtime weeks, and despite knowing of their

performance of such work, Defendant did not pay Plaintiff Hauser-Merklin and the State Law Class for such hours on a straight time basis.

36. Defendant's rounding/editing and time manipulation policies and practices, as implemented and in actual effect, have violated and continue to violate Department of Labor regulations which require both that employees' time be rounded "to the nearest 5 minutes, or to the nearest one-tenth or quarter of an hour" and that the method "will not result, over a period of time, in failure to compensate the employees properly for all the time they have actually worked." 29 C.F.R. § 785.48(b).

37. As a result, Plaintiff Hauser-Merklin and other members of the FLSA Collective and State Law Class have not been able to benefit from Defendant's rounding system; instead, the rounding system has resulted in, over a period of time, the failure to pay Plaintiff Hauser-Merklin and other members of the FLSA Collective and State Law Class for all hours worked, in violation of the FLSA, 29 C.F.R. § 785.48(b) and N.J.S.A. 34:11-56a4(b)(1).

38. Defendant's on-the-clock but unpaid time deprivation policies/practices are the result of systematic and company-wide policies/practices originating at the corporate level. Defendant's policies resulted from knowing or reckless executive decisions. Pursuant to the FLSA, 29 C.F.R. § 785.13, Defendant "cannot sit back and accept the benefits [of additional work completed by Named Plaintiff, the FLSA Collective, and State Law Class] without compensating for them." "Management has the power to … [and] must make every effort to" ensure all work completed at the beginning and end of shifts was paid in accordance with the FLSA and state law. *See id.*

39. The additional pre- and post-shift work was compensable as overtime or straight time hours worked because the work was required by Defendant and the work was performed for

Defendant's benefit and constituted part of employees' principal activities, and/or was a necessary, integral, and indispensable part of their principal activities. Despite this, it was not fully paid on a straight time regular rate basis, nor was overtime for it paid at the rate of one and one-half times the regular rate for the hours worked in excess of forty (40), as required by the FLSA and New Jersey Labor Law.

**Defendant's Record Keeping Violations**

40. The FLSA required Defendant to maintain accurate and complete records of employees' time worked and amounts earned and paid. 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.2, 516.5, 516.6, 516.7.

41. Specifically, federal regulations require employers to make and keep payroll records showing information and data such as the employee's name, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime compensation is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period and date of payment and pay period covered by the payment. 29 C.F.R. § 516.2.

42. Similarly, the New Jersey Wage Payment Law, N.J.S.A. 34:11-4.6, requires employers, such as Valley Health, to provide employees with a statement of deductions from wages for each pay period.

43. Defendant kept records of hours worked by Plaintiff and members of the FLSA Collective and State Law Class. However, at the time that the hours worked by Plaintiff and members of the FLSA Collective and State Law Class were transmitted to payroll for compensation purposes, Defendant willfully and intentionally transmitted post-edited, rounded, modified, and inaccurate and/or incomplete records which do not include pre- and post-shift

compensable work required by, performed for, and to the benefit of Defendant which had the direct effect of reducing Defendant's labor costs to the detriment of Plaintiff and members of the FLSA Collective and State Law Class. Thus, Defendant willfully and intentionally did not properly record and pay all hours worked in violation of the FLSA's and New Jersey Labor Law's record keeping requirements.

**The Willfulness of Defendant's Violations**

44. By denying Plaintiff and members of the FLSA Collective and State Law Class overtime compensation and/or the other pay to which they were entitled, as has been discussed above, Defendant's acts were not based upon good faith.

45. Defendant's pay practices were and are the result of systematic and company-wide policies originating at the corporate level. Defendant is a large and highly sophisticated employer, with an in-house legal team. Through legal counsel as well as industry experience and custom, Defendant possessed ample access to the regulations and statutory provisions requiring the proper and prompt payment of overtime compensation under federal laws recited in this Complaint, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as required. Defendant therefore knew about the overtime compensation requirements of federal law or acted in reckless disregard as to Defendant's obligations under these laws.

46. Defendant's overtime compensation payment, and general wage compensation payment, obligations were clearly known by Defendant, but nonetheless willfully and intentionally disregarded. For example, federal law requires employers subject to the FLSA's wage provisions, such as Defendant, to post, and keep posted, a notice explaining the overtime provisions of the FLSA in a conspicuous place in all of their establishments so as to permit employees to readily

read it, which includes the language that the employer must pay overtime pay as required by the FLSA.[2]

47. Upon information and belief, Defendant posts the notices required to be posted under the FLSA which contain language outlining Defendant's compensation requirements.

48. By complying with federal overtime payment notice posting requirements, but nevertheless by not paying overtime compensation as required by these overtime payment notices, Defendant indisputably knew of the overtime requirements of the FLSA, or acted in reckless disregard for whether Plaintiff and members of the FLSA Collective and State Law Class were entitled to overtime compensation. Despite Defendant's knowledge of the overtime provisions of the FLSA and New Jersey Law, including by physically posting notices recognizing that Defendant was required to pay overtime compensation for all overtime hours worked, Defendant has, for many years, continued to fail to pay overtime wages for overtime hours worked to Plaintiff and other members of the FLSA Collective and State Law Class.

49. Defendant's policies with respect to time editing and time rounding thus resulted from knowing or reckless executive decisions. Pursuant to the FLSA, 29 C.F.R. § 785.13, Defendant "cannot sit back and accept the benefits [of additional work completed by Plaintiff and other members of the FLSA Collective and the State Law Class] without compensating for them. … Management has the power to … [and] must make every effort to" ensure all work completed before, and after, shifts was paid in accordance with the FLSA and state law. *See id.*

50. Defendant, through its supervisors and managers, knew that Plaintiff, and the members of the FLSA Collective and the State Law Class, were working the time for which they

---

[2] https://www.dol.gov/sites/dolgov/files/WHD/legacy/files/minwagep.pdf (last accessed Nov. 5, 2026).

were not paid, as a result of Defendant's time-keeping, time recordation, and subsequent time rounding and editing.

51. Further, Defendant knew or had reason to know that Plaintiff and other members of the FLSA Collective and the State Law Class routinely performed work upon clocking in and prior to clocking out inasmuch as supervisors and other staff observed the work, but Defendant nevertheless failed to pay for this time worked at the time of payment. Because Defendant failed to actively enforce any prohibition against work during these rounded periods, it is liable for compensating Plaintiff and other members of the FLSA Collective and the State Law Class for this time. Defendant's actions were thus deliberate and willful within the meaning of the FLSA, and Defendant lacked a good faith basis for its actions. Defendant knew about the overtime compensation requirements of the FLSA or acted in reckless disregard as to Defendant's obligations under the FLSA.

52. Accordingly, Defendant's failure to compensate Plaintiff Hauser-Merklin and other members of the FLSA Collective and State Law Class for hours worked more than forty (40) hours per week at "one and one-half times" the employees' "regular rate[s]" of pay constitutes a willful violation of the FLSA, 29 U.S.C. § 207 and of New Jersey Labor Law N.J.S.A. 34:11-56a1, *et seq.* and N.J.S.A. 34:11-4.1, *et seq.,* as well as N.J.S.A. 34:11-4.6, requiring employers to provide a statement of deductions from wages for each pay period.

53. Plaintiff and members of the FLSA Collective and State Law Class are therefore entitled to liquidated damages equal to the amount of their unpaid compensation under 29 U.S.C. § 216(b), and liquidated damages in an amount up to 200% of their unpaid wages under applicable New Jersey Labor Law, without duplicative recovery.

**<u>FLSA COLLECTIVE OVERTIME ALLEGATIONS</u>**
**<u>(As to COUNT ONE)</u>**

54. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 53 as if fully rewritten herein.

55. Plaintiff brings this case on behalf of a group of employees of Defendant (the "FLSA Collective") who assert claims under the overtime provisions of the FLSA in this case by filing consents to join this action from this group of individuals:

> All current and former non-exempt employees of Defendant during the three years preceding the commencement of this action through the date of judgment, who worked overtime hours during one or more applicable workweek periods, and whose recorded working time was subject to Defendant's time rounding and/or editing policies and practices, and who assert claims for unpaid overtime compensation under the FLSA.[3]

56. Such persons are "similarly situated" with respect to Defendant's FLSA violations, in that all were non-exempt employees of Defendant, all were subjected to and injured by Defendant's unlawful practice of failing to pay overtime compensation for all hours worked in excess of forty (40) per workweek, all were subjected to Defendant's unlawful rounding/editing and time manipulation policies, and all have the same claims against Defendant for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

57. Plaintiff Hauser-Merklin and other members of the FLSA Collective are similarly situated because, among other reasons, they are owed overtime from working hours for Defendant and for Defendant's benefit for which they were not paid overtime compensation as a result of Defendant's time rounding and/or editing policies, and time manipulation practices in conformity with these policies, that lead to less time paid than time worked. Plaintiff Hauser-Merklin will prosecute this action vigorously on their behalf.

---

[3] Plaintiff reserves the right to amend and refine the definition of the FLSA Collective based upon further investigation and discovery.

58. Plaintiff Hauser-Merklin and other members of the FLSA Collective have been damaged by Defendant's willful refusal to pay at least the federal overtime wage for all overtime hours worked. As a result of Defendant's willful FLSA violations, Plaintiff Hauser-Merklin and other members of the FLSA Collective are similarly situated in that each is entitled to damages, including, but not limited to, unpaid wages, liquidated damages, costs, and attorneys' fees.

59. Plaintiff is entitled to send notice to all potential FLSA Collective members pursuant to Section 216(b) of the FLSA. Upon information and belief, the precise size and identity of the group of potential FLSA Collective members are readily ascertainable from the payroll records, timekeeping records, and/or employee and personnel records of Defendant that Defendant was required to maintain, pursuant to the FLSA. Plaintiff cannot yet state the exact number of similarly-situated persons but avers, upon information and belief, that the group of potential FLSA Collective members consists of approximately one thousand or more persons.

**STATE LAW ALLEGATIONS**
**(As to COUNTS TWO, THREE, and FOUR)**

60. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 53 as if fully rewritten herein.

61. Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and a group of employees of Defendant who assert violation of New Jersey Labor Law claims (referred to herein as the "State Law Class"), defined as:

> All current and former non-exempt employees of Defendant who worked in New Jersey during the six years preceding the commencement of this action through the date of judgment, whose recorded working time was subject to Defendant's time rounding and/or editing policies and practices, and who assert claims for unpaid overtime and/or straight-time wages under applicable New Jersey law.[4]

---

[4] Plaintiff reserves the right to amend and refine the definition of the State Law Class based upon further investigation and discovery.

62. There are questions of law or fact common to the State Law Class, including but not limited to:

(a) Whether Defendant denied Plaintiff and other members of the State Law Class earned and owed compensation where, among other things, these employees were not paid wages for their hours worked;

(b) Whether Defendant's denial of Plaintiff's and other members of the State Law Class's earned and owed compensation violated the NJWHL and/or NJWPL;

(c) Whether Defendant failed to pay Plaintiff and the State Law Class overtime compensation for all hours worked in excess of forty (40) hours in a workweek in violation of the NJWHL;

(d) Whether Valley Health's violations of the NJWHL and/or NJWPL were willful;

(e) Whether Valley Health failed to provide accurate paystubs under N.J.S.A. 34:11-4.6;

(f) What amount of monetary relief will compensate Plaintiff and other members of the State Law Class for Defendant's failure to pay straight-time and/or overtime compensation owed when the wages were required to be paid.

63. Plaintiff's claims are typical of the claims of other members of the State Law Class. Plaintiff's claims arise out of the same uniform course of conduct by Defendant, and are based on the same legal theories, as the claims of other State Law Class members.

64. The State Law Class, outlined above, is so numerous that joinder of all State Law Class members is impracticable. Plaintiff cannot yet state the exact number of class members but avers, upon information and belief, that the State Law Class consists of approximately one thousand or more persons. The number of class members, as well as their identities, are ascertainable from the payroll and personnel records Defendant has maintained, and was required to maintain, pursuant to the FLSA and New Jersey Labor Law, as set forth above.

65. Plaintiff will fairly and adequately protect the interests of the State Law Class. Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other class members. Plaintiff's counsel have broad experience in handling class action litigation, including

wage-and-hour litigation, and are fully qualified to prosecute the claims of the State Law Class in this case.

66. The questions of law or fact that are common to the State Law Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the State Law Class, listed above, are common to the State Law Class as a whole, and predominate over any questions affecting only individual class members.

67. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
**(FLSA Overtime Violations)**
***On Behalf of Plaintiff and the FLSA Collective***

68. Plaintiff incorporates by reference the foregoing allegations of paragraphs 1 through 59 as if fully rewritten herein.

69. At all relevant times, Defendant has been, and continues to be, an employer engaged in interstate commerce or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 207(a).

70. Defendant has engaged in a pattern and practice of violating the FLSA, as described in this Complaint.

71. Plaintiff has consented in writing to be party to this action, pursuant to 29 U.S.C. § 216(b).

72. The overtime wage provisions set forth in 29 U.S.C. § 201, *et seq.,* apply to Defendant.

73. At all relevant times and continuing to the present, Defendant has had a policy and practice of refusing to pay full and required premium overtime compensation to Plaintiff and members of the FLSA Collective for hours worked in excess of forty (40) hours per workweek.

74. As a result of Defendant's willful failure to compensate its employees, including Plaintiff and the FLSA Collective members, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours in a workweek, Defendant has violated, and continues to violate, the FLSA, 29 U.S.C. § 201, *et seq.,* including 29 U.S.C. §§ 207(a)(1) and 215(a).

75. As a result of Defendant's willful failure to record, report, credit, and compensate its employees, including Plaintiff and the FLSA Collective members, Defendant has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. § 201, *et seq.,* including 29 U.S.C. §§ 211(c) and 215(a).

76. As a result of Defendant's policy and practice of rounding and editing time records in order to pay payroll at a rate less than what is owed to its employees, Defendant knew or recklessly disregarded the fact that Plaintiff and the FLSA Collective members were entitled to proper overtime pay and acted with and/or showed reckless disregard that its conduct was prohibited by the FLSA. 29 U.S.C. § 255(a).

77. As a result of Defendant's FLSA violations, Plaintiff, on behalf of herself and the FLSA Collective members, is entitled to (a) recover from Defendant unpaid wages for all of the overtime hours worked, as premium overtime compensation; (b) recover an additional, equal

amount as liquidated damages for Defendant's willful violations of the FLSA; and, (c) recover unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

78. Defendant's violations of the FLSA have been willful within the meaning of that statute, and thus a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

**COUNT TWO**
**(Failure to Pay Overtime Wages Under the NJWHL)**
***On Behalf of Plaintiff and the State Law Class***

79. Plaintiff incorporates by reference the foregoing allegations of paragraphs 1 through 53, and paragraphs 60 through 67, as if fully rewritten herein.

80. At all relevant times, Valley Health was an "employer" within the meaning of, and subject to the requirements of, the NJWHL. *See* N.J.S.A. 34:11-56a1(g).

81. At all relevant times, Valley Health employed Plaintiff Hauser-Merklin and the State Law Class as "employees" within the meaning of the NJWHL. *See* N.J.S.A. 34:11-56a1(h).

82. Section 34:11-56a4 of the NJWHL requires employers, like Valley Health, to pay employees, like Plaintiff Hauser-Merklin and the State Law Class members, overtime wages at rates not less than 1.5 times their regular rates of pay for all hours worked in excess of forty (40) hours in a workweek. *See* N.J.S.A. 34:11-56a4(b)(1).

83. By virtue of its rounding policy, Valley Health violated, and is violating, the NJWHL by failing to pay Plaintiff and the State Law Class overtime wages (at the proper premium rate based on all remuneration received) for all hours worked in excess of forty (40) hours in a workweek, as provided by N.J.S.A. 34:11-56a4(b)(1).

84. Plaintiff and the State Law Class have been harmed as a direct and proximate result of Valley Health's unlawful conduct because they have been deprived of wages owed for work that they performed and from which Valley Health derived a direct and substantial benefit.

85. Valley Health knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Plaintiff and the State Law Class premium overtime compensation for all overtime hours worked.

86. Valley Health's failure to pay Plaintiff and the State Law Class overtime compensation at the proper premium rate for all overtime hours worked was neither reasonable, nor was the decision not to pay these employees overtime compensation at the proper premium rate for all overtime hours worked made in good faith.

87. Accordingly, Plaintiff and the State Law Class are entitled to recover their unpaid overtime wages in an amount equal to 1.5 times their regular hourly rates of pay, liquidated damages in an amount up to 200% of their unpaid wages, and attorney's fees and costs. *See* N.J.S.A. 34:11-56a25.

## COUNT THREE
## (Failure to Pay Earned Wages Under the New Jersey Wage Payment Law)
***On Behalf of Plaintiff and the State Law Class***

88. Plaintiff incorporates by reference the foregoing allegations of paragraphs 1 through 53, and paragraphs 60 through 67, as if fully rewritten herein.

89. Plaintiff brings her NJWPL claims as a class action on behalf of herself and the State Law Class pursuant to Fed. R. Civ. P. 23.

90. Defendant's conduct alleged above violates the NJWPL, N.J.S.A. 34:11-4.1, *et seq.*, including N.J.S.A. 34:11-4.2.

91. At all relevant times, Valley Health was an "employer" within the meaning of, and subject to the requirements of, the NJWPL. *See* N.J.S.A. 34:11-4.1(a).

92. At all relevant times, Valley Health employed Plaintiff Hauser-Merklin and the State Law Class as "employees" within the meaning of the NJWPL. *See* N.J.S.A. 34:11-4.1(b).

93. The NJWPL requires employers, like Valley Health, to pay employees, like Plaintiff Hauser-Merklin and the State Law Class members, all wages (including overtime wages) earned, due, and owing to them on their regular payday. *See* N.J.S.A. 34:11-4.2.

94. During the course of their employments, Valley Health agreed to pay Plaintiff and each State Law Class member "wages" – within the meaning of the NJWPL, *see* N.J.S.A. 34:11-4.1(c) – including hourly rates for all hours they worked up to and including forty (40) hours in a workweek, as well as overtime rates for all hours they worked in excess of forty (40) hours in a workweek.

95. But during the course of their employment, Valley Health failed to pay Plaintiff and the State Law Class all wages earned for all time they worked at the rates Valley Health agreed to pay them.

96. As a result of Valley Health's illegal automatic rounding policy, Plaintiff and the State Law Class have been deprived of all wages earned, due, and owed to them.

97. The wages Valley Health owes to Plaintiff and the State Law Class remain unpaid.

98. Valley Health knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Plaintiff and the State Law Class all wages earned for all hours worked.

99. Valley Health's failure to pay Plaintiff and the State Law Class all wages at the rates Valley Health agreed to pay them was neither reasonable, nor was the decision not to pay these employees all wages owed made in good faith.

100. Accordingly, Plaintiff and the State Law Class are entitled to recover their unpaid "straight time" and overtime wages, plus liquidated damages in an amount up to 200% of their unpaid wages, and attorney's fees and costs. *See* N.J.S.A. 34:11-4.10(c).

**COUNT FOUR**
**(Failure to Provide Accurate Statements of Wage Deductions Under N.J.S.A. 34:11-4.6)**
***On Behalf of Plaintiff and the State Law Class***

101. Plaintiff incorporates by reference the foregoing allegations of paragraphs 1 through 53, and paragraphs 60 through 67, as if fully rewritten herein.

102. Plaintiff brings her NJWPL claims as a class action on behalf of herself and the State Law Class pursuant to Fed. R. Civ. P. 23.

103. The conduct alleged violates the NJWPL, N.J.S.A. 34:11-4.6.

104. At all relevant times, Valley Health was an "employer" within the meaning of, and subject to the requirements of, the NJWPL. *See* N.J.S.A. 34:11-4.1(a).

105. At all relevant times, Valley Health employed Plaintiff Hauser-Merklin and the State Law Class as "employees" within the meaning of the NJWPL. *See* N.J.S.A. 34:11-4.1(b).

106. The NJWPL requires employers, like Valley Health, to provide a statement of deductions from wages for each pay period. *See* N.J.S.A. 34:11-4.6.

107. Defendant kept records of hours worked by Plaintiff and members of the State Law Class. However, at the time that the hours worked by Plaintiff and members of the State Law Class were transmitted to payroll for compensation purposes, Defendant willfully and intentionally transmitted post-edited, rounded, modified, and inaccurate and/or incomplete records which do

not include pre- and post-shift compensable work required by, performed for, and to the benefit of Defendant which had the direct effect of reducing Defendant's labor costs to the detriment of Plaintiff and members of the State Law Class.

108. As a result of Valley Health's illegal automatic rounding policy, Plaintiff and the State Law Class have not been provided with accurate pay statements showing the deductions made from their wages, as is also mandated by the New Jersey Wage Theft Act. *See* 34:11-4.6(c).

109. Valley Health knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to provide accurate paystubs to Plaintiff and the State Law Class reflecting all hours worked, and consequently failed to pay for all hours worked.

110. Valley Health's failure to provide Plaintiff and the State Law Class with accurate statements of deductions from their wages, as required by N.J.S.A. 34:11-4.6, was neither reasonable nor undertaken in good faith, but instead resulted from Defendant's knowing and willful implementation of the timekeeping, rounding, and payroll practices alleged herein.

111. Accordingly, Plaintiff and the State Law Class are entitled to recover their unpaid "straight time" and overtime wages, plus liquidated damages in an amount up to 200% of their unpaid wages, and attorney's fees and costs. *See* N.J.S.A. 34:11-4.10(c).

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and other members of the FLSA Collective and State Law Class, as applicable, prays that this Honorable Court:

A. Promptly order Defendant to provide all relevant policies and procedures regarding timekeeping and compensation, as well as all payroll, timekeeping, time rounding, time editing, and other relevant records, necessary to determine similarly situated individuals;

B. Promptly order Defendant to provide all contact information, including but not limited to names, dates of employment, addresses, telephone numbers, and email addresses, of similarly situated individuals;

C. Conditionally certify the putative FLSA Collective and provide Court-approved notice to similarly-situated persons informing them of this action and their ability to opt-in and become part of the FLSA Collective and enabling them to opt in;

D. Toll the statute of limitations for all members of the FLSA Collective, from the date that this matter was initially filed until the date on which they file consents to join;

E. Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiff and other members of the State Law Class;

F. Enter judgment against Defendant, and in favor of Plaintiff, the FLSA Collective, and the members of the State Law Class, declaring that Defendant's activities, as alleged herein, violate the FLSA and New Jersey Labor Law and enjoining Defendant from continuing to violate the FLSA and New Jersey Labor Law, as well as awarding the relief set forth immediately below;

G. Award compensatory damages to Plaintiff and the members of the FLSA Collective pursuant to 29 U.S.C. § 216(b) in the amount of their unpaid overtime wages, as well as liquidated damages in an equal amount, in addition to penalty damages;

H. Award Plaintiff and other members of the State Law Class all damages allowed by New Jersey Labor Law, including but not limited to all unpaid "straight time" and overtime wages, liquidated damages in an amount up to 200% of their unpaid wages, and all other penalty damages available;

I. Designate Plaintiff as representative of the Fed. R. Civ. P. 23 State Law Class, and counsel of record as Class Counsel for the State Law Class;

J. Award Plaintiff, and members of the FLSA Collective and the State Law Class, prejudgment interest, post-judgment interest, costs, and attorneys' fees incurred in prosecuting this action, expert fees, as well as statutory and/or punitive damages and an award of damages representing Defendant's employers' share of FICA, FUTA, state unemployment insurance, and any other required employment taxes; and

K. Enter such other and further relief as this Court deems equitable, just, and proper.

Date: November 5, 2026

Respectfully submitted,

*s/ Seth R. Lesser*

Seth R. Lesser
Christopher M. Timmel*
**KLAFTER LESSER LLP**
Two International Drive, Suite 350
Rye Brook, NY 10573
Telephone: (914) 934-9200
seth@klafterlesser.com
christopher.timmel@klafterlesser.com

Michael A. Galpern
**JAVERBAUM WURGAFT HICKS KAHN WIKSTROM & SININS, P.C.**
Laurel Oak Corporate Center
1000 Haddonfield-Berlin Road - Suite 203
Voorhees, NJ 08043
Telephone: (856) 596-4100
mgalpern@lawjw.com
mclark@lawjw.com

Ryan A. Winters *
Kevin M. McDermott II *
**SCOTT & WINTERS LAW FIRM, LLC**
Telephone: (216) 912-2221
11925 Pearl Rd., Suite 310
Strongsville, Ohio 44136
rwinters@ohiowagelawyers.com
kmcdermott@ohiowagelawyers.com

*ATTORNEYS FOR PLAINTIFF, FLSA COLLECTIVE ACTION PLAINTIFFS, AND PROPOSED RULE 23 CLASS COUNSEL*

* PROCEEDING *PRO HAC VICE* OR TO BE FILED

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

Date: November 5, 2026

Respectfully submitted,

*s/ Seth R. Lesser*
Seth R. Lesser